IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY O'DELL,

    Petitioner,

v.                                                        Case No. 1:14cv73
                                                              (Judge Keeley)

**MARVIN PLUMLEY, Warden,**
**Huttonsville Correctional Center,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On April 21, 2014, the *pro se* petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, along with a motion to proceed *in forma pauperis* ("IFP") with supporting documents and a Motion for Stay and Abeyance. On April 29, 2014, he was granted permission to proceed as a pauper but directed to pay the five dollar filing fee. On May 19, 2014, petitioner paid the required fee, and filed a Motion for Leave to Amend Petition for Writ of Habeas Corpus and to Amend Motion for Stay and Abeyance. On September 3, 2014, On September 23, 2013, the undersigned made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the respondent was directed to show cause why the motion for stay and abeyance should not be granted. On September 23, 2014, the respondent filed its response.

The petition and motion are now ripe for this Court's review.

**A. Facts**[1]

On August 24, 2005, in response to a call from her son for a welfare check, Berkeley County Sheriff's Deputy Cpl. Steve Vigh met Debbie Bivens' son at her house in Berkeley County for a

---
[1] The facts of the case were obtained from the Circuit Court of Berkeley County's Final Order denying petitioner's first state habeas petition (Dkt.# 1-1) and petitioner's appellate brief on direct appeal, which is not part of this record.

1

welfare check. They arrived to find the house locked tight, but with a bedroom window, broken from the outside, from which flies were traveling and a bad odor emanated. Bivens' decomposing body was found on the floor in her bedroom with multiple gunshot wounds and a .40 caliber shell casing lying nearby and a .380 caliber handgun on the floor by the bed.

After news of the Bivens murder was published in the paper, an acquaintance of petitioner, one Ramsey Turner ("Turner") met with the police, to ask if Bivens had been shot with a .40 caliber weapon, because that was the weapon that petitioner showed him days before the killing, when petitioner asked him if he would like to make $10,000.00 by picking petitioner up at 3:15 a.m. the following Monday at a location on Rt. 51 East and driving him home. Petitioner drove Turner to the spot on the road to show Turner where he wanted Turner to wait for him. Turner declined the offer, but told the police that petitioner showed him a loaded .40 caliber semiautomatic in his pants, with a clip containing hollow point bullets.

Initially identified as a suspect in the Bivens murder was one Benny Brookman ("Brookman"), because he had previously been romantically involved with Bivens, and had harassed her after the relationship ended. Petitioner was subsequently identified as a prime suspect based on the information was provided by Turner.

However, on August 31, 2005, the hanged, shot, and decomposing body of Brookman was found hanging from a tree stand in the woods. In Brookman's locked truck, parked nearby, was a suicide note implicating petitioner in the Bivens murder; indicating that Brookman had hired petitioner to carry it out; Brookman's expectation of being caught and prosecuted for his role in the murder; and his explanation that he was taking his own life because he knew he could never survive behind bars. Brookman's death was later ruled a suicide.

On February 21, 2006, petitioner was indicted in Berkeley County Case No. 06-F-22 for Murder and Conspiracy to Commit Murder.

**B. State Trial Proceedings**

According to the petitioner's statement of the case and the attached state court pleadings, on September 28, 2006, in Berkeley County Circuit Court, Martinsburg, West Virginia, after a 3-day jury trial, petitioner was convicted of First Degree Murder and Conspiracy to Commit Murder. Petitioner avers that on November 8, 2006, he was sentenced to "16 – Life."[2] The attached Circuit Court of Berkeley County's Final Order Denying Amended Petition for Writ of Habeas Corpus states that petitioner was sentenced to life with mercy, and a consecutive one-to-five year sentence,[3] but that after an agreed-upon re-sentencing on September 17, 2008,[4] petitioner filed his direct appeal to the West Virginia Supreme Court of Appeals ("WVSCA").

B. **Direct Appeal**

Petitioner's appeal to the WVSCA[5] raised these claims of error:[6]

1) the court committed plain and prejudicial error by refusing to suppress the defendant's statement as being the product of coercion and involuntary;

2) the trial court committed plain and prejudicial error when it instructed the jury that they could consider portions of the petitioner's statement to be valid at the same time finding portions of it invalid due to police coercion instead of instructing the jury to disregard the entire statement if they found any of it to be the product of police coercion;

3) the court committed plain and prejudicial error in allowing into evidence the suicide note of Benny Brookman;

---

[2] Dkt.# 1 at 1.

[3] Dkt.# 1-1, ¶4 at 2.

[4] Dkt.# 1-1, ¶5 at 2.

[5] WVSCA Case No. 091127.

[6] In his §2254 petition, petitioner lists five assignments of error he contends he raised on appeal. He also attaches a copy of the Circuit Court of Berkeley County's Final Order Denying Amended Petition for Writ of Habeas Corpus (Dkt.# 1-1); in it, the Circuit Court of Berkeley County lists six assignments of error that petitioner raised on direct appeal. Because neither the petitioner nor the respondent provided the Court with a copy of petitioner's brief on appeal, and petitioner's version of the assignments of error there differed from what was contained in the Circuit Court of Berkeley County's Final Order Denying Amended Petition for Writ of Habeas Corpus, the undersigned has obtained a copy of petitioner's appellate brief from the Clerk of the Circuit Court of Berkeley County.

4) the defendant was prejudiced by the state's failure to disclose the disposition of testing of gunshot residue samples taken from the defendant in violation of the mandates of State v. Youngblood;

5) it was error for the court to fail to direct a verdict in favor of the defendant at the close of the state's case-in-chief and at the close of all of the evidence, or in the alternative, the jury's verdict was contrary to the evidence presented; and

6) the cumulative weight of the errors set forth above is sufficient to warrant the granting of a new trial.

By Order entered October 28, 2009, the WVSCA refused the appeal.

**D. State Habeas**

Petitioner filed a State habeas petition in the Circuit Court of Berkeley County, West Virginia on March 3, 2010 by filing a *pro se* petition, and then an amended *pro se* petition. After counsel was appointed, on July 16, 2012, petitioner filed another amended petition and a Losh[7] List with exhibits. The state habeas petition(s) raise these grounds, reordered and renumbered for clarity:[8]

1) Admission of Mr. Brookman's presumed suicide note accusing Mr. O'Dell of being Ms. Bivens' murderer deprived Mr. O'Dell of due process as required by the Sixth Amendment of the U.S. Constitution and Article III, §14 of the West Virginia Constitution [because]

    a) evidence that the cause of Mr. Brookman's death was suicide was not properly admitted and violated Mr. O'Dell's constitutional right to confront witnesses against him; [and]

    b) the Court committed plain and constitutional error by failing to apply the Crawford[9] and Mechling[10] analysis to preclude admission of the presumed suicide note.

---

[7] Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[8] In his §2254 petition, petitioner tersely lists five claims he contends he raised in his first state habeas petition. In the copy of the Circuit Court of Berkeley County's Final Order Denying Amended Petition for Writ of Habeas Corpus (Dkt.# 1-1) attached to petitioner's §2254 petition, as might be expected, the Circuit Court of Berkeley County summarizes petitioner's state habeas claims with much greater detail, and lists subcategories to some of the claims. Because of the discrepancies between the two, and the fact that neither the petitioner nor the respondent have provided the Court with a copy of petitioner's first state habeas petition or its amended state habeas petition(s), the undersigned has obtained a copy of the petitioner's amended habeas petition, filed through counsel, from the Circuit Court of Berkeley County, to clarify the record.

[9] Crawford v. Washington, 541 U.S. 36 (2004).

[10] State of West Virginia v. Mechling, 633 S.E.2d 311 (W.Va. 2006).

2) The Court erred by ruling Mr. O'Dell's statement was admissible at a pretrial suppression hearing without reviewing the actual videotape of the statement.

3) Defense counsel was ineffective for

    a) failing to inform the Court of important distinctions between the circumstances of this case and State v. Satterfield[11] that demonstrate the inadmissibility of the presumed suicide note in this case;

    b) failing to present necessary expert witnesses on Mr. O'Dell's behalf; and for

    c) defense counsel's own prejudicial statements toward his client.

4) The cumulative weight of all the errors within Mr. O'Dell's trial warrant the granting of a new trial.

Further, because certain grounds were not specifically waived on petitioner's Losh list, were not addressed in any way in the amended petition, its memorandum in support, or in the *pro se* petition, and were not "factually or legally supported whatsoever[,]" the Circuit Court of Berkeley County listed them, but found that "the record is plain that the Petitioner is not entitled to relief on these grounds" and summarily denied them as "unsupported claims that are randomly selected from the list of grounds[.]"[12] Those grounds[13] were:

    33) refusal of continuance;

    34) refusal to subpoena witness;

    36) lack of full public hearing;

    43) claims of prejudicial statements by trial judge; and

    44) claims of prejudicial statements by prosecutor.

---

[11] State of West Virginia v. Satterfield, 193 W. Va. 503 (W.Va. 1995).

[12] Dkt.# 1-1 at 16.

[13] The grounds listed reflect their original numeration on the Losh list.

Because after a full review, the court found that none of petitioner's claims merited an evidentiary hearing, on January 30, 2013, the court denied relief in a 15-page order.[14]

Petitioner timely appealed the denial of his State habeas petition to the WVSCA,[15] raising four claims,[16] contending that:

1) the "presumed suicide note" implicating him was admitted at trial in violation of the United States and West Virginia Constitutions;

2) the Circuit Court failed to conduct a pretrial suppression hearing prior to admitting his videotaped statement;

3) the state habeas court improperly denied his motion to conduct discovery on his claim that his statement was coerced; and

4) trial counsel was ineffective,

    a) for a statement made during cross examination of a police officer; and

    b) for a statement made to the jury during closing argument.

On November 22, 2013, the WVSCA affirmed.[17] On January 28, 2014, the WVSCA refused petitioner's petition for rehearing.[18]

**E. Second State Habeas**

On March 27, 2014, petitioner filed a second state habeas petition,[19] contending that habeas counsel was ineffective for his failure to:

---

[14] Dkt.# 1-1.

[15] WVSCA Case No. 13-0220.

[16] Neither the petitioner nor the respondent provided the Court with a copy of petitioner's brief on appeal of his first state habeas petition to the WVSCA, nor does the §2254 petition list the points raised therein. Therefore, they are listed here as they are listed in the copy of the WVSCA's Memorandum Decision, (Dkt.# 1-2) attached to petitioner's §2254 petition. However, without an actual copy of the brief on appeal of the state habeas petition, the undersigned cannot say with certainty whether the state habeas claims were stated exactly as petitioner raised them on appeal, or whether they have been paraphrased.

[17] Dkt.# 1-2 at 10.

[18] Dkt.# 1-3 at 2.

[19] Berkeley County Circuit Court Case No. 14-C-225.

6

1) raise all of the Constitutional grounds that the lower court previously denied in its final order denying his first state habeas petition;

2) failing to send the appropriate appendix items to the Supreme Court of Appeals; and

3) failing to give proper legal arguments regarding controlling law.

### A. **The §2254 Petition**

Petitioner raises four grounds for relief, contending that

1) Petitioner's 6th Amendment right was violated by the trial [sic] committing error when it allowed police to testify towards medical examiners [sic] findings and conclusions, without the medical examiners [sic] testimony themselves [sic] in order to lay a foundation for admission of an alleged suicide note as evidence under the dying declaration exception.

2) Petitioner's 6th Amendment right was violated by the trial court when it allowed the alleged suicide note in at trial against the Petitioner as the note was "Testimonial" under <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

3) The trial court violated Petitioner's 5th and 14th Amendment right by refusing to suppress Petitioner's statement as being the product of coercion, threats, promises or reward, and product of false hope.

4) Trial court violated Petitioner's 5th and 14th Amendment rights when the Court instructed the jury that they could consider portions of a coerced statement invalid instead of instructing the jury to determine whether there was any break in the taint of the coerced statement.

As relief, petitioner asks that his convictions be vacated.

### B. **Motion for Stay and Abeyance of Writ of Habeas Corpus Under 28 U.S.C. §2254**

Petitioner admits that his §2254 petition is a mixed petition that contains both exhausted and unexhausted claims. He avers that he has asked the 2nd habeas court to reenter the order denying his first state habeas petition, in order to reinstate the time for appeal. Petitioner contends that he has not engaged in any intentionally dilatory litigation tactics in exhausting his state court remedies. Rather, he contends that his failure to exhaust was due to habeas counsel's ineffectiveness by refusing to include all of his constitutional state habeas claims on appeal.

### C. **Motion for Leave to Amend Writ of Habeas Corpus to Add a Claim and to Amend Motion for Stay and Abeyance**

Petitioner seeks to add an additional claim to his §2254 petition:

5) The trial court violated Petitioner's 14th Amendment [sic] to the U.S. Constitution by admitting Petitioner's coerced statement at trial without reviewing the actual videotape of the statement during a pretrial hearing.

He contends that because "the added ground has been exhausted it should be held in abeyance."[20]

## II. Applicable Law

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Pursuant to § 2244(d)(1)(A), the statute of limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). For purposes of § 2244(d)(1)(A), "[f]inal judgment in a criminal

---

[20] Dkt.# 9 at 1.

case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)).

The limitations period under 28 U.S.C. § 2244 is an affirmative defense. A district court has the power to raise the limitations defense of § 2244 *sua sponte*. Hill v. Braxton, *supra*. When a federal habeas court, prior to trial, perceives a *pro se* §2254 petition to be untimely, and the state has not filed a motion to dismiss based on the one-year statute of limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Id. at 707.

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327; see also Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The statute of limitations is specific to each claim in a federal habeas petition. Fielder v. Varner, 379 F.3d 113, 122 (3rd Cir. 2004); Bachman v. Bagley, 487 F.3d 979, 984-85 (6th Cir. 2007); Souliotes v. Evans, 622 F.3d 1173, 1179-80 (9th Cir. 2010) (vacated on other grounds); Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012); Prendergast v. Clements, 699 F.3d 1182, 1187-88 (10th Cir. 2012); Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013); see also Pace v. DiGuglielmo, 544

U.S. 408, 415-16 (2005) (noting that the majority of the subsections of § 2244(d)(1) require a claim by claim analysis).

"When a prisoner is resentenced and his §2254 petition challenges the resentencing, the statute of limitations begins to run from the date that the resentencing becomes final." Williams v. Florida, 221 Fed. Appx. 867, 870 (11th Cir. 2007) (internal citations omitted); see also Murphy v. United States, 634 F.3d 1303, 1311-12 (11th Cir. 2011) ("when a defendant is resentenced, the defendant becomes confined under a new judgment from which a new one-year statute of limitations period starts to run").[21] "However, when . . . the habeas petition does not challenge the resentencing and only challenges his original conviction, the statute of limitations begins to run from the date that the original judgment of conviction became final." Mercer v. Ballard, 2013 U.S. Dist. LEXIS 50928 *13 (N.D. W.Va. Apr. 9, 2013)(C.J. Bailey, J.P.), see also Williams, 221 Fed. Appx. at 870; Vallez v. Hartley, 305 Fed. Appx. 505, 508 (10th Cir. 2008)( in order for a re-sentencing decision to be deemed "sufficient to restart the limitations period," the petitioner must "bring at least *some* claim challenging the *resentencing*, as opposed to the original conviction") (emphasis in original); Bachman v. Bagley, 487 F.3d 979, 983 n.3 (6th Cir. 2007)( that "the rule that the date of 'judgment' under §2244(d)(1)(A) is the date of a subsequent sentencing proceeding applies only to habeas petitions challenging the resentencing decision itself"); Quillen v. Marion Corr. Inst., 2013 U.S. Dist. LEXIS 9933, *33-34 (S.D. Ohio, Jan. 24, 2013); Moore v. Minnesota, 2010 U.S. Dist. LEXIS 142977 at *3 (D. Minn. Oct. 20, 2010)(Report & Recommendation) *adopted* 2011 U.S. Dist. LEXIS 51237 (D. Minn. May 12, 2011); see also Haynes v. Barr, 2012 U.S. Dist. LEXIS 12483, *4 (D. Colo. Feb. 2, 2012).

### III. Discussion

Here, petitioner the petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was

---

[21] A resentencing does not prompt a new statute of limitations period when the resentencing merely accounts for previous time served. See Graham v. Smelser, 422 Fed. Appx. 705, 707-08 (10th Cir. 2011).

made retroactive or that there are newly-discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

Based upon the limited record before the undersigned,[22] it appears that after the September 28, 2006 jury verdict, petitioner filed a Motion for a New Trial and a Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury on October 10, 2006.[23] It appears that those motions were heard in a post-trial hearing on the same day as the November 8, 2006 sentencing, and that a "final order" on the matter was not entered until January 19, 2007.[24] Therefore, petitioner's judgment of conviction was entered on his criminal docket on January 19, 2007.

Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be perfected within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final on January 19, 2007, and therefore he had until May 21, 2007 to timely file a federal habeas petition or a state habeas petition triggering the tolling clause. Petitioner did not file his first state habeas petition until March 3, 2010, and his §2254 petition was not filed until April 21, 2014.

In his motion for stay and abeyance, petitioner contends that he "filed the direct appeal of his criminal conviction and sentence to the West Virginia Supreme Court on December 8, 2006."[25] While it is true that petitioner did file a notice of intent to appeal on that date, for reasons not apparent on the record, petitioner never perfected the appeal with the WVSCA.[26] However, because

---

[22] The undersigned has obtained a copy of petitioner's criminal docket from the Circuit Court of Berkeley County to attempt to clarify the issues with the limited record.

[23] Cir. Ct. Berkeley Co., W.Va. Dkt.# 76 and # 77)(06-F-22).

[24] Post-Trial Hearing and Sentencing Order (Cir. Ct. Berkeley Co., W.Va. Dkt.# 96)(06-F-22).

[25] Dkt.# 4 at 5.

[26] West Virginia Rules of Appellate Procedure Rule 5(f) and (g) state that an appeal is perfected by filing with the Clerk of the Supreme Court the petitioner's brief and the appendix or designated record according to the date set forth in the Scheduling Order. The deadlines for perfecting an appeal are set forth by statute. The statutory deadline is four months for civil and criminal appeals.

on September 17, 2008, an Agreed Order Re-Sentencing Defendant was entered[27] in the sentencing court to permit the timely filing of an appeal, petitioner was able to file what would otherwise have been a grossly untimely direct appeal of his conviction to the WVSCA.[28]

Including the claim petitioner seeks to add in his Motion for Leave to Amend Writ of Habeas Corpus to Add a Claim and to Amend Motion for Stay and Abeyance, petitioner's §2254 petition raises five claims related to errors he alleges were committed at trial. Because these claims are all challenges his original conviction, not challenges to anything related to his resentencing, the statute of limitations begins to run from the date that the original judgment of conviction became final. Mercer, *supra* at \*13; Williams, *supra* at 870. Petitioner's judgment of conviction was entered on the record on January 19, 2007. Accordingly, the clock on the petitioner's one year statute of limitations began to run on May 21, 2007, when the time for filing a direct appeal expired, and absent a tolling event, the last date on which the petitioner could have filed a timely federal habeas corpus petition was May 21, 2008. For reasons not apparent on the record, petitioner apparently did not seek resentencing to re-set the clock on his direct appeal until months later; the agreed re-sentencing date was September 17, 2008, nearly four months after the statute of limitations expired. Accordingly, the §2254 petition filed on April 21, 2014 was filed well beyond the one-year period. Because petitioner's ignorance of the law does not excuse the untimeliness of his federal petition,[29] his petition must be dismissed as untimely. Because the petition is untimely, there is no reason to stay and abey this action.

---

[27] (Cir. Ct. Berkeley Co., W.Va. Dkt.# 105)(06-F-22).

[28] Pursuant to Rule 37(b) of the WV Rules of Criminal Procedure: Time for taking appeal. - (1) Time for notice of intent to appeal. - The notice of intent to appeal by a defendant shall be filed within 30 days after the entry of the judgment, decree or other order appealed from. A notice of intent to appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. A judgment or order is entered within the meaning of this paragraph when it is entered in the criminal docket.

[29] Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000).

## IV. Recommendation

For the reasons previously set forth, it is hereby recommended that the petition (Dkt.# 1) be **DENIED and DISMISSED without prejudice** from the active docket of this Court.

Accordingly, petitioner's pending Motion for Stay and Abeyance of Writ of Habeas Corpus Under 28 U.S.C. §2254 (Dkt.# 4) and Motion for Leave to Amend Writ of Habeas Corpus to Add a Claim and to Amend Motion for Stay and Abeyance (Dkt.# 9) should be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by December 2, 2014**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide a copy of this Report and Recommendation electronically to Laura J. Young, Office of the Attorney General, 812 Quarrier Street, 6th Floor, Charleston, WV 25305.

DATED: November 18, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE